# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAP TECHNICAL SERVICE INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RECONTRUST COMPANY, N.A., et al.,<br><br>Defendants. | CASE NO. 1:15-CV-1379---SMS<br><br>ORDER TRANSFERRING CASE TO SACRAMENTO DIVISION |

Plaintiff Jacob Winding, proceeding in pro se, filed this case in the Northern District of California alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO" at 18 U.S.C. §§ 1961 *et se*q.). Doc. 1. He listed himself, ASAP Technical Service, Inc., and Top to Bottom Cleaning Service as plaintiffs. Doc. 1. The Northern District issued an order dismissing claims with prejudice brought by the entities for failure to prosecute. Doc. 16. Because all of the subject properties are located in counties governed by the Eastern District of California, the action was transferred to this district. Doc. 32. It was assigned a case number for the Eastern District of California, Fresno Division.

I.   VENUE

"A civil action may be brought in—
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Also, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) allows a trial court to transfer an action to a more convenient court when the action presents issues and requires witnesses that make one district court more convenient than another. *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). The decision whether to transfer venue under Section 1404(a) is committed to the sound discretion of the district court and should be exercised in light of all the circumstances of a case. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The Eastern District of California comprises the counties of Stanislaus, Merced, and San Joaquin, among others. 28 U.S.C. § 84(b). Actions arising in Stanislaus and Merced counties shall be commenced in the U.S. District Court sitting in Fresno, while actions arising in San Joaquin county shall be commented in the U.S. District Court sitting in Sacramento. Local Rule 120(d).

Plaintiff's first amended complaint is brought against six defendant entities and eight individual notary publics. No defendant resides in the Eastern District. There are eight real properties at issue, five of which are situated in Stockton, California, in San Joaquin County. Two are in Modesto, California, in Stanislaus County. One is in Merced, California, in Merced County. Hence, a "substantial part of property that is the subject of the action" is situated in both the Fresno and Sacramento division judicial districts. Venue is permissible in the Fresno Division, but the Sacramento Division is more convenient. Five of the eight subject real properties are located in San Joaquin County, governed by the Sacramento Division. Plaintiff also resides in San Joaquin County. Hence, for the convenience of parties and in the interest of justice, this action will be transferred to the U.S District Court for the Eastern District of California, Sacramento Division.

II.   ORDER

The Clerk shall TRANSFER this case to the United States District Court for the Eastern

1  District of California, Sacramento Division and shall close this court's file.

IT IS SO ORDERED.

Dated:   **September 17, 2015**           **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE